RAMLO LAW
Kurt Ramlo (SBN 166856)
15021 Ventura Blvd. #544
Los Angeles, CA 91403
RamloLegal@gmail.com
Telephone: (310) 880-9208

Attorney for Plaintiff and
Counter-Defendant Panthers Capital, LLC*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:25-18374-BR |
| CIS INTERNATIONAL HOLDINGS (N.A.) CORPORATION, dba E TROPICAL FISH, | Hon. Barry Russell<br><br>Chapter 7 |
| Debtor. | |
| CIS INTERNATIONAL DISTRIBUTORS INC., et al.,* | Adv. No. 26-01070-BR |
| Plaintiff, | **Notice of Motion and Motion for Remand of All or a Portion of This Action; Declarations of Mike Herzo and Joseph R. Dunaj** |
| vs. | |
| CIS INTERNATIONAL HOLDINGS (N.A.)_ CORPORATION,* | Hearing Date: **May 12, 2026**<br>Hearing Time: **10:00 a.m.**<br>Courtroom:1668 (IN PERSON HEARING) |
| Defendants. | |
| And related counterclaim. | |

**TO:   [Defendants and Counterclaimants] CIS International Holdings (N.A.) Corporation, dba E Tropical Fish; CIS International Distributors Inc.; Live Aquaria Holdings Corp.; Lionsrock Investments LLC; Lionsrock Wisconsin LLC; T3 Aquatics; Siam Tropical Fish Ltd.; Tropical Aquarium Fish (Fiji) Ltd.; and Charitha I. Samarasinghe:**

---

* Panthers Capital LLC is the plaintiff and counter-defendant in the action removed from Superior Court of Connecticut, Stamford Division. CIS International Distributors Inc., Live Aquaria Holdings Corp., Lionsrock Investments LLC, Lionsrock Wisconsin LLC, T3 Aquatics, Siam Tropical Fish Ltd., Tropical Aquarium Fish (Fiji) Ltd., and Charitha I. Samarasinghe are not plaintiffs. They are among the defendants and are the entirety of the counterclaimants and removing parties. The Debtor is also a defendant.

**PLEASE TAKE NOTICE** that May 12, 2026, at 10:00 a.m., in Courtroom 1668 located at 255 E. Temple Street, Los Angeles, CA 90012, the Court will conduct a hearing on the motion (the "**Motion**") of Plaintiff and Counter-Defendant Panthers Capital LLC ("**Panthers**") for an order remanding:

> (a) the entirety of the claims in this action **except** those claims asserted by Panthers against Defendant (and Debtor) CIS International Holdings (N.A.) Corporation (the "**Seller**" or "**Debtor**"), which are pled in Panther's *Amended Complaint* in Count One and Count Three for breach of contract, Count Five for fraudulent misrepresentation, Count Six for negligent misrepresentation, Count Seven for breach of the covenant of good faith and fair dealing, and Count Eight for violation of Connecticut's Unfair Trade Practices Act "**CUPTA**" (the "**Non-Debtor Claims**"); or

> (b) in the alternative, the entirety of this action.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, Panthers will rely on these moving papers, the memorandum of points and authorities, the declarations of Mike Herzog and Joseph R. Dunaj, and certain exhibits contained within the *Removed Civil Action Docket and Documents* (DE 4) (the "**Connecticut Records**" or "**CR:x-x**"), the pleadings and orders already on file in this adversary proceeding and the parent chapter 7 bankruptcy case, and such other and further evidence and argument as may be made.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), any opposition to the Motion must be filed with the Clerk of the United States Bankruptcy Court and served upon the United States Trustee as well as counsel for Panthers at the address located in the upper left-hand corner of the first page of this Notice by no later than 14 days before the hearing on the Motion.

Dated: April 17, 2026

RAMLO LAW

By: */s/ Kurt Ramlo*

Attorney for Plaintiff and Counter-Defendant Panthers Capital LLC*

- 2 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Background**

This action arises from Panther's purchase and the Debtor's sale of accounts receivable and future receivables under an agreement (CR:138-167 (Amended Compl. Ex. A)) and of certain unencumbered receivables under a factoring agreement (CR:169-182 (Am. Compl. Ex. B)). Defendants and Counterclaimants CIS International Distributors Inc., Live Aquaria Holdings Corp., Lionsrock Investments LLC, Lionsrock Wisconsin LLC, T3 Aquatics, Siam Tropical Fish Ltd., Tropical Aquarium Fish (Fiji) Ltd., and Charitha I. Samarasinghe (the "**Guarantors**") executed guarantees of the agreements.  (CR:153-157, 182.)

Panthers commenced a collection action in the Superior Court in Connecticut on August 5, 2025, later filing an amended complaint for breach of contract and the good-faith covenant, misrepresentation, and unfair trade.  (CR:129-135.)  On September 22, 2025, about six weeks later, the Seller commenced the parent chapter 7 case.  On December 11, 2025, the Guarantors counterclaimed against Panthers for breach of the factoring agreement, the implied covenant as to both agreements, and violation of the unfair trade act.  (CR:265, 273-311.)  The Connecticut court took Panthers' December 31, 2025 motion to dismiss the counterclaim under submission (CR:315) after full briefing and argument.  (CR:312-352, 356-374.)

While the motion remained under submission, the Guarantors filed their notice of removal (the "**Removal Notice**") with the bankruptcy clerk of the Central District of California and not with the bankruptcy "clerk for the district . . . within which is located the state . . . court where the civil action was pending", i.e., the District of Connecticut.  Further, the March 23, 2026 Removal Notice commencing this proceeding was filed after the extended deadline of March 21, 2026 established by an order of this Court (entered 1/29/26, DE 179).  These defects require remand.

All of the claims between Panthers and the Guarantors and between Panthers and the Debtor are Connecticut law claims, none of which are within the jurisdiction of this Court, an equitable ground for remand all by itself.  The Trustee's apparent intent to investigate the Debtor's transactions with Panthers, including under Chapter 5 of the Bankruptcy Code, does not bring the claims in this action within the Court's jurisdiction.  The second and third grounds for jurisdiction

- 3 -

asserted by the Guarantors, judicial economy and avoiding conflicting rulings in this Court and in the Connecticut court likewise establish no basis for jurisdiction.

Even if "related to" jurisdiction were found, the circumstances here establish an equitable ground for remand.  The factors to determine whether equitable grounds exist, including discretionary abstention factors, as discussed below, favor remand.  Finally, this action can be tried in the next nine to 12 months and the other factors for mandatory abstention are present.

The Non-Core Claims or the entire action should be remanded.

### Legal Authorities

**A.     The Removal Notice was filed in the wrong court, requiring remand.**

Both the bankruptcy removal statute and the national bankruptcy removal rule, FRBP 9027, require the removal notice be filed in the district and division where the action to be removed is pending.  "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending."  28 U.S.C. § 1452(a).  A notice of removal must be filed with the clerk for the district and division where the state . . . civil action is pending."  Fed. R. Bankr. P. 9027(a)(1).

The Guarantors filed their Removal Notice in this district, rather than in the Connecticut district where the action was pending.  The removal was therefore ineffective, and the Non-Debtor Claims must be remanded.  "'[E]quitable grounds' for § 1452(b) remand … also include procedurally defective removals."  *In re Hotel Mt. Lassen, Inc.*, 207 B.R. 935, 942 (Bankr. E.D. Cal. 1997).

**B.     The Removal Notice was untimely, requiring remand.**

The order extending the Guarantors' time to remove states that "The **deadline** for . . . the Co-defendants **to remove** the action filed by Panthers Capital LLC against the Debtor and other third parties is extended from December 21, 2025, to **March 21, 2026** pursuant to FRBP 9027 and 28 U.S.C. § 1452."  DE 179.  The Removal Notice (DE 1) filed in this proceeding was dated and filed on Marchi 23, 2026, after the March 21, 2026 deadline.  That removal was untimely.

The Guarantors had earlier filed a removal notice dated March 20, 2026 in the main chapter 7 case on March 20, 2026.  (DE 193, the "**First Removal Notice**").  The clerk found its

filing to be in error and instructed to refile the pleading.  ("Notice to Filer of Error and/or Deficient Document Other - Attorney has to refile pleading and open up an adversary proceeding as a removal (RE: related document(s) 193 Notice . . . (SF) (Entered: 03/21/2026)" (DE 194).)  Even if the March 23, 2026 filing of the March 23, 2026 Removal Notice somehow related back to the March 20, 2026 filing of the First Removal Notice, the removal remains untimely.  The removal was not effective until the Guarantors filed a copy of the March 23, 2025 Removal Notice with the Connecticut court on March 26, 2026.  (Ex. A (updated docket of the Connecticut action).)  *See* Fed. R. Bankr. P. 9027(b)(2), (c) ("Removal becomes effective when the notice is filed" "with the clerk of the court from which it was removed").  The extension order did not establish an extended deadline measured by an act of filing, but rather by the event of removal.  "The **deadline** . . . **to remove** the action filed by Panthers Capital LLC . . . is extended . . . to **March 21, 2026 . . .**"  DE 179.  The Guarantors did not remove the action by March 21, 2026.

The Non-Debtor Claims must be remanded.  *See Hotel Mt. Lassen, Inc.*, 207 B.R. at 942.

**C.** **The factors considered to determine whether equitable grounds for remand exist, including discretionary abstention factors, favor remand.**

Because "[t]he 'any equitable ground' standard is not statutorily defined[,] . . . case law has imported the 'factors' governing discretionary abstention to assist with the remand decision." *In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761-62 (Bankr. S.D. Cal. 2007)/  Thus, courts have identified numerous factors that influence a determination of whether equitable remand should be granted, including:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*Id; see also Bally Total Fitness Corp. v. Contra Costa Retail Center, et al.*, 384 B.R. 566, 570 (Bankr. N.D. Cal. 2008) (granting motion for equitable remand where movant established grounds for discretionary remand); *Hopkins v. Plant Insulation Co.*, 349 B.R. 805, 813 (N.D. Cal. 2006) (noting that discretionary remand factors are substantially the same as abstention factors).

**(1)   the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;**

Panther's pursuit of its rights against the Guarantors will not affect the estate or its administration.  At most, the Connecticut litigation might change the identity of the person holding Panther's proof of claim against the estate.  If the Guarantors make Panthers whole, their right to reimbursement against the Debtor will no longer be contingent, but Panthers would have no grounds for recovery on its p[roof of claim if its rights under the proof of claim have been satisfied by the Guarantors.

**(2)   extent to which state law issues predominate over bankruptcy issues;**

There are no bankruptcy issues in the Connecticut action.  Connecticut law issues predominate.

**(3)   difficult or unsettled nature of applicable law;**

The Connecticut action involves a relatively new type of transaction sometimes called a merchant cash advance agreement (an "**MCA**") but it is not an advance, it is a purchase and sale of receivables and future receivables.  There is no controlling appellate authority on the issue in Connecticut.

Whether the Guarantors have standing to assert their breach of contract damage claims against Panthers may be controlled or affected by a recent appellate case in Connecticut.

Connecticut has a new statutory scheme for that went into effect on July 2, 2024, with only a single decision to date (from a trial court).  The Guarantors contend that Panthers violated that statute and so Connecticut obviously has a strong interest in seeing its judges provide the case law that construes the statute.  (Dunaj decl. ¶ 14.)

This factor weighs strongly in favor of remand.

**(4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;**

There are no related proceedings at this time.

**(5) jurisdictional basis, if any, other than § 1334;**

There is none.

**(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;**

There are no other proceedings pending.  If the Trustee objects to Panther's proof of claim, the Connecticut court's handling of the action there will not interfere with the Trustee's objection.

**(7) the substance rather than the form of an asserted core proceeding;**

The Non-Debtor claims are simple state-law claims and not core proceedings, in substance or form.

**(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;**

Panthers is not seeking to litigation any claim against the Debtor or its estate.  If this Court remands just the Non-Debtor Claims, Panther's claims against the Debtor will remain in this adversary proceeding.  But this adversary proceeding in that situation should just be stayed, as the property procedure for Panthers to prosecute its claims against the Debor or its estate is through the proof of claim it already filed.

If the Court for whatever reason remans the entire action, the Debtor would remain protected by the automatic stay and Panther's claims against the Debtor would remain stayed there as well.  Panther's Connecticut counsel is confidence that Connecticut procedures will allow Panthers and the Guarantors to litigation their claims against one another notwithstanding Panther's inability to proceed against the Debtor.

**(9) the burden on the bankruptcy court's docket;**

Panthers presumes that the Court remains vigilant about its caseload and is obviously the best source to provide data on this factor.  Although the Non-Debtor claims are not complex, as discussed above there is some novelty in the issues and the Court would need to rule on Connecticut issue the Court might not have seen before.  (Dunaj decl. ¶ 14.)

**(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;**

Panthers is unaware of any forum shopping by the Debtor, as presumably the Debtor was required to file in this district due to venue rules.  The Guarantors, however, appear to be forum shopping and in fact evading the forum and appliable law that they consented to by contract.  (Herzog decl. ¶¶ 9-10; Dunaj decl. ¶ 16.)  This factor strongly favors remand.

**(11) the existence of a right to a jury trial;**

No party demanded a trial by jury in Connecticut or in this adversary proceeding, and the time to do so has lapsed in both courts.

**(12) the presence in the proceeding of nondebtor parties;**

The parties to this action are exclusively non-debtor parties.  The Debtor's technical role as a party is negated by the automatic stay that protects the Debtor.  This factor weighs heavily toward remand.

**(13) comity; and**

Comity weighs toward remand in that otherwise this Court would be ruling on issues of Connecticut law, including a statutory scheme that is not yet two years old.  (Dunaj decl. ¶ 14.)

**(14) the possibility of prejudice to other parties in the action.**

Panthers has been litigating in Connecticut for eight months, had a motion to dismiss the counterclaim under submission, and has retained counsel there.  But most importantly, Panthers negotiated for forum selection clauses so that it would not be litigation outsider of the three states where it has offices.  (Herzog decl. ¶¶ 9-10; Dunaj decl. ¶¶ 9-14, 16.

**D.      Mandatory abstention apply require remand.**

Equitable remand is justified where the movant can show that abstention is otherwise warranted.  *Bally Total Fitness,* 384 B.R. at 570; s*ee also In re Diversified Contract Services, Inc.*, 167 B.R. 591, 596 (Bankr. N.D. Cal. 1994) (cases deciding abstention are persuasive authority for determining whether to remand); *In re Marathon Home Loans*, 96 B.R. at 301 (finding that mandatory abstention is a limit on removal and appropriate when motion for remand puts the concepts underlying abstention in issue); *In re Jasperson*, 116 B.R. 740, 746 (Bankr. S.D. Cal.

1990) (applying 28 U.S.C. § 1334(c)(2) to remand a removed state court complaint when elements of mandatory abstention were present).  Indeed, as the court observed in *Bally Total Fitness,* "failure to remand where all of the elements of mandatory abstention are present would be an abuse of the Court's discretion." 384 B.R. at 570.

Abstention in bankruptcy cases is governed by 28 U.S.C. § 1334(c).  There are two types of abstention provided for by Section 1334: (i) mandatory abstention, and (ii) discretionary abstention.  *Bally Total Fitness*, 384 B.R. at 570.  Mandatory abstention is provided for in Section 1334(c)(2), as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).  As explained in *Williams v. Shell Oil Co.*, 169 B.R. 684, 692 (S.D. Cal. 1994), abstention under section 1334(c)(2) is mandatory when "all six of the relevant considerations under the doctrine of mandatory abstention are satisfied."  *See also In re Baldwin Park Inn Assoc.*, 144 B.R. 475, 481 (C.D. Cal. 1992) (remanding removed state law action to state court because criteria for mandatory abstention satisfied).

The requirements for mandatory abstention are:

1. a timely motion;
2. the claims at issue in the proceeding are based upon a state law claim or state law cause of action;
3. the proceeding is related to a case under Title 11, but does not arise under Title 11;
4. the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334;
5. an action is commenced; and
6. the action can be timely adjudicated, in a state forum of appropriate jurisdiction.

- 9 -

*Williams*, 169 B.R. at 692; *see also In re Baldwin Park Inn Assoc.*, 144 B.R. at 479.  Each of the *Williams* factors is satisfied here.

1.   This Motion is timely.

2.   All of the claims in the action are Connecticut law issues.

3.   The claims do not arise under Title 11 (and as discussed above are not "related" to a Title 11 case).

4.   There was no federal court jurisdiction for these claims.

5.   The action can be tried in the next nine to 12 months.  (Dunaj decl. ¶ 15.)

**Conclusion**

Panthers respectfully requests that the Court grant this Motion, remand the Non-Debtor Claims, or alternatively, the entirety of this action to the Connecticut court.

**Rule 9027(a)(1)(B)**

Panthers does not consent to this Court's entry of a final judgment or order.

Dated: April 17, 2026

RAMLO LAW

By: */s/ Kurt Ramlo*

Attorney for Plaintiff and Counter-Defendant Panthers Capital LLC*

Panthers does not

- 10 -

RAMLO LAW
Kurt Ramlo (SBN 166856)
15021 Ventura Blvd. #544
Los Angeles, CA 91403
RamloLegal@gmail.com
Telephone: (310) 880-9208

Attorney for Plaintiff and
Counter-Defendant Panthers Capital, LLC*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:25-18374-BR |
| CIS INTERNATIONAL HOLDINGS (N.A.) COR4PORATION, dba E TROPICAL FISH, | Hon. Barry Russell |
| | Chapter 7 |
| Debtor. | |
| CIS INTERNATIONAL DISTRIBUTORS INC., et al., | Adv. No. 26-01070-BR |
| Plaintiff, | **Declaration of Mike Herzog in Support of Motion for Remand of All or a Portion of This Action** |
| vs. | Hearing Date: **May 12, 2026** |
| CIS INTERNATIONAL HOLDINGS (N.A.)_ CORPORATION, | Hearing Time: **10:00 a.m.** |
| Defendants. | Courtroom:1668 (IN PERSON HEARING) |
| And related counterclaim. | |

* Panthers Capital LLC is the plaintiff and counter-defendant in the action removed from Superior Court of Connecticut, Stamford Division. CIS International Distributors Inc., Live Aquaria holdings Corp., Lionsrock Investments LLC, Lionsrock Wisconsin LLC, T3 Aquatics, Siam Tropical Fish Ltd., Tropical Aquarium Fish (Fiji) Ltd., and Charitha I. Samarasinghe are not plaintiffs.  They are among the defendants and are the entirety of the counterclaimants and removing parties.  The Debtor is also a defendant.

I, Mike Herzog, declare:

1.      I am over the age of eighteen years and understand and believe in the obligations of an oath or affirmation.

2.      I am the Executive Vice President of Panthers Capital LLC ("**Panthers**"), a limited liability company with a place of business in Connecticut.

3.      Panthers Capital LLC is a business.  Each fact in this declaration is based upon my personal knowledge derived from the business records that the Panthers maintains.  Panther's business records are created in its ordinary course of business and affairs and consist of memoranda, reports and data compilations of acts, events, and transactions.  It is the regular practice of Panthers to make these memoranda, reports and data compilations of acts, events, and transactions at the time of the occurrence or within a reasonable time thereafter.

4.      Panthers entered into a Future Receivables Sale and Purchase Agreement dated June 4, 2025 (the "**MCA Agreement**") with CIS International Holdings (N.A.) Corp. d/b/a E Tropical Fish ("**Seller**" and debtor in the main chapter 7 case), as well as a Factoring Facility Agreement dated December 1, 2024 (the "**Factoring Agreement**").

5.      Charitha I Samarasinghe, CIS International Distributors Inc., Live Aquaria Holdings Corp., Lionsrock Investments LLC, Lionsrock Wisconsin LLC, T3 Aquatics, Siam Tropical Fish LTD, and Tropical Aquarium Fish (Fiji) LTD (the "**Guarantors**", and with the Seller, the "**Defendants**") jointly and severally guaranteed the Seller's obligations under the MCA Agreement and Factoring Agreement.

6.      The Defendants collectively defaulted under the MCA Agreement and Factoring Agreement in July 2025.  Due to the Defendants' collective default, on or around July 11, 2025, Panthers retained the services of Neubert, Pepe & Monteith, P.C. ("**NPM**"), its counsel in the State of Connecticut, to begin a lawsuit against the Defendants.  Upon information and belief, NPM commenced, on behalf of Panthers, a collections case in the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford, docketed as *Panthers Capital LLC v. CIS International Holdings (N.A.) Corp. d/b/a E Tropical Fish, et al.*, FST-CV25-6075223-S (the "**Collection Action**").

7.      In the Collection Action, Panthers is asserting claims against the Defendants for

breach of contract, breach of guaranty, fraudulent misrepresentation, negligent misrepresentation, breach of covenant of good faith and fair dealing, and a violation of the Connecticut Unfair Trade Practices Act ("**CUTPA**"), all in relation to the MCA Agreement and Factoring Agreement.

8.       Since the Defendants' collective default under the MCA Agreement and Factoring Agreement, Panthers has not received any remittance towards the amount owed to Panthers.  In addition, Panthers has incurred substantial attorney fees and costs in relation to the Collection Action, in order to obtain judgment.

9.       There would be prejudice to Panthers if the Collection Action is not allowed to proceed in Connecticut.  Panthers has a place of business in Connecticut, and most of its employees are in Connecticut, New York, or Florida, not California.  It would be a substantial burden on Panthers to have to coordinate and appear for hearings, inclusive of trial, in  California. In addition, a sizeable portion of Panthers collection litigation is done in Connecticut.  As discussed in the next paragraph, Panthers has obtained the consent of virtually all its sellers and related parties to litigate in Connecticut any disputes that might arise.  As in all negotiations and business transactions, Panthers has had to "give up" other consideration it might otherwise had liked to have so that it could obtain that consent to litigate only in Connecticut.

10.       In addition, in relation to the Collection Action, both the MCA Agreement and the Factoring Agreement contain provisions for the application of Connecticut law.  The MCA Agreement contains a provision for Connecticut as the selected forum.  The Collection Action commenced over nine months ago in Connecticut.  The Defendants have retained counsel admitted in Connecticut, and the litigation has advanced against the Guarantors, inclusive as to a substantive hearing on the motion to dismiss.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 17, 2026

_____
Mike Herzog

- 3 -

RAMLO LAW
Kurt Ramlo (SBN 166856)
15021 Ventura Blvd. #544
Los Angeles, CA 91403
RamloLegal@gmail.com
Telephone: (310) 880-9208

Attorney for Plaintiff and
Counter-Defendant Panthers Capital, LLC*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>CIS INTERNATIONAL HOLDINGS (N.A.) CORPORATION, dba E TROPICAL FISH,<br><br>Debtor. | Case No. 2:25-18374-BR<br><br>Hon. Barry Russell<br><br>Chapter 7 |
| CIS INTERNATIONAL DISTRIBUTORS INC., et al.,<br><br>Plaintiff,<br><br>vs.<br><br>CIS INTERNATIONAL HOLDINGS (N.A.)_ CORPORATION,<br><br>Defendants. | Adv. No. 26-01070-BR<br><br>**Declaration of Joseph R. Dunaj in Support of Motion for Remand of All or a Portion of This Action**<br><br>Hearing Date: **May 12, 2026**<br>Hearing Time: **10:00 a.m.**<br>Courtroom:1668 (IN PERSON HEARING) |
| And related counterclaim. | |

* Panthers Capital LLC is the plaintiff and counter-defendant in the action removed from Superior Court of Connecticut, Stamford Division. CIS International Distributors Inc., Live Aquaria holdings Corp., Lionsrock Investments LLC, Lionsrock Wisconsin LLC, T3 Aquatics, Siam Tropical Fish Ltd., Tropical Aquarium Fish (Fiji) Ltd., and Charitha I. Samarasinghe are not plaintiffs. They are among the defendants and are the entirety of the counterclaimants and removing parties. The Debtor is also a defendant.

I, Joseph R. Dunaj, declare:

1.    I am over the age of eighteen years and understand and believe in the obligations of an oath or affirmation.

2.    I am an attorney admitted to the practice of law in the State of Connecticut.

3.    I am an associate at the law firm of Neubert, Pepe & Monteith, P.C. ("**NPM**") a professional corporation with a place of business in Connecticut.

4.    NPM is a business.  Each fact in this Declaration is based upon my personal knowledge derived from the business records that NPM maintains.  NPM's business records are created in its ordinary course of business and affairs and consist of memoranda, reports, and data compilations of acts, events, and transactions.  It is the regular practice of the NPM to make these memoranda, reports, and data compilations of acts, events, and transactions at the time of the occurrence or within a reasonable time thereafter.

5.    NPM represents Panthers Capital LLC ("**Panthers**"), as its counsel, in a collections case in the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford, docketed as *Panthers Capital LLC v. CIS International Holdings (N.A.) Corp. d/b/a E Tropical Fish, et al.*, FST-CV25-6075223-S (the "**Collection Action**").  The Collection Action commenced via writ, summons, and complaint dated July 11, 2025, the defendants were served with process, and the case was filed with the Connecticut Superior Court on August 5, 2025.

6.    The primary defendant in the Collection Action is CIS International Holdings (N.A.) Corp. d/b/a E Tropical Fish (the "**Seller**", and Debtor in the main chapter 7 case).  In the operative complaint, Panthers is asserting two claims for breach of contract against the Seller in relation to two transactions – a Future Receivables Sale and Purchase Agreement dated June 4, 2025 (the "**MCA Agreement**"), otherwise known as a merchant cash advance agreement ("**MCA**"), and a Factoring Facility Agreement dated December 1, 2024 (the "**Factoring Agreement**").

7.    The remaining defendants in the Collection Action are Charitha I Samarasinghe, CIS International Distributors Inc., Live Aquaria Holdings Corp., Lionsrock Investments LLC, Lionsrock Wisconsin LLC, T3 Aquatics, Siam Tropical Fish LTD, and Tropical Aquarium Fish

- 2 -

(Fiji) LTD (the "**Guarantors**", and with the Seller, the "**Defendants**").  In the operative complaint, Panthers is asserting two claims for breach of guaranty against the Guarantors in relation to the MCA Agreement and the Factoring Agreement.

8.    In the Collection Action, Panthers is also asserting claims against the Defendants for fraudulent misrepresentation, negligent misrepresentation, breach of \covenant of good faith and fair dealing, and a violation of the Connecticut Unfair Trade Practices Act ("**CUTPA**"), all in relation to the MCA Agreement and Factoring Agreement.

9.    The Defendants retained counsel in the Collection Action, who filed an appearance on September 17, 2025.

10.    On September 22, 2025, the Collection Action became stayed as to the Seller because the Seller filed a Petition for Chapter 11 Bankruptcy in this Court.  Notice of the Bankruptcy was filed in the Collection Action on September 30, 2025.  As of September 22, 2025, the Seller had not filed any response to the Amended Complaint in the Collection Action, nor had a judgment been rendered against the Seller in the Collection Action.

11.    On December 11, 2025, the Guarantors filed an answer and defenses to the operative complaint in the Collection Action.  In addition, the Guarantors asserted three counterclaims against Panthers: breach of contract as to the Factoring Agreement, breach of good faith and fair dealing as to the MCA Agreement and Factoring Agreement, and violations of CUTPA in relation to the MCA Agreement and Factoring Agreement.

.    On December 31, 2025, Panthers filed a motion to dismiss the Guarantors' counterclaims, contending that the Guarantors lacked standing to assert them.  The Guarantors filed an objection to the motion to dismiss on January 30, 2026, and Panthers filed a reply memorandum on February 5, 2026.  On March 9, 2026, Panthers filed a notice of supplemental authority, in relation to a recent Connecticut appellate court case with a similar fact pattern, *Ligeri v. White Road Capital LLC*, AC 48077.  The Superior Court heard oral argument on March 16, 2026, and took the matter on the papers for further adjudication.  No decision was issued before March 26, 2026, when the Guarantors filed a copy of the notice of removal previously filed in this Court (on March 23, 2026).

- 3 -

13. On March 26, 2026, the Connecticut Superior Court noted the removal on docket, and no further action has been taken.

14. There are some unsettled issues of Connecticut state law at issue in the Collection Action, including but not limited to the following:

a) The Guarantors have asserted defenses that imply the MCA Agreement is in actuality a loan, and not a true merchant cash advance, and therefore violates Connecticut usury statutes and/or is also unconscionable. There are recent trial court decisions that recognize MCA transactions as being alternative financing transactions compared to loans, but no controlling appellate authority.

b) Panthers' motion to dismiss concerns the standing of the Guarantors, under Connecticut law, to assert counterclaims for an MCA Agreement, to which they have alleged no personal injury. The very recent appellate case of *Ligeri v White Road Capital LLC* concerns the ability of Guarantors to assert claims in relation to an MCA Agreement where they have alleged personal injury. It is unclear how the holding of *Ligeri* would be applied to the Guarantors' counterclaims.

c) The Guarantors also assert a defense that the MCA Agreement violated Connecticut's statutory scheme regarding MCA transactions, codified at Conn. Gen. Stat. § 36a-861, et seq.. Connecticut's statutory scheme was enacted in 2023, went into effect on July 1, 2024, and, as far as the undersigned is aware, there is only one recent trial court decision that has been issued as to any of the provisions under the statutory scheme.

15. The operative pleadings in the Collection Action have not been closed yet. Based on my experience with the Connecticut Superior Court, I estimate that it would take from 30 to 60 days to close the pleadings after remand, and I believe that a trial would be scheduled for a date that is no later than about six months after the pleadings close.

16. There would be prejudice to Panthers if the Collection Action is not allowed to proceed in Connecticut. Panthers has a place of business in Connecticut and New York. Both the MCA Agreement and the Factoring Agreement contain provisions for the application of Connecticut law. The MCA Agreement contains a provision for Connecticut as the selected

- 4 -

forum.  The Collection Action commenced more than nine months ago in Connecticut.  The Defendants have retained counsel admitted in Connecticut, and the litigation has advanced against the Guarantors, inclusive as to a substantive hearing on the fully briefed and argued motion to dismiss that remains under submission.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 17, 2026

_____
Joseph R. Dunaj

y
y

# Exhibit A

# Exhibit A



# State of Connecticut Judicial Branch
# Superior Court Case Look-up

Superior Court Case Look-up
  Civil/Family
  Housing
  Small Claims

Attorney/Firm Juris Number Look-up

Case Look-up
  By Party Name
  By Docket Number
  By Attorney/Firm Juris Number
  By Property Address

Short Calendar Look-up
  By Court Location
  By Attorney/Firm Juris Number
  Motion to Seal or Close
  Calendar Notices

Court Events Look-up
  By Date
  By Docket Number
  By Attorney/Firm Juris Number

Legal Notices

Pending Foreclosure Sales

Understanding
Display of Case Information

Contact Us



Comments

 FST-CV25-6075223-S  **PANTHERS CAPITAL LLC v. CIS INTERNATIONAL HOLDINGS (N.A.) CORP. D/B/A E TR Et Al**

 Prefix/Suffix: [none]

**Case Type:** C40     **File Date:** 08/05/2025     **Return Date:** 08/12/2025

| Case Detail | Notices | History | Scheduled Court Dates | E-Services Login | Screen Section Help | ▶ |

To receive an email when there is activity on this case, click here.

Information Updated as of: 04/14/2026

## Case Information

| | |
|---|---|
| **Case Type:** | C40 - Contracts - Collections |
| **Court Location:** | STAMFORD JD |
| **List Type:** | No List Type |
| **Trial List Claim:** | |
| **Last Action Date:** | 04/01/2026  (The "last action date" is the date the information was entered in the system) |

## Disposition Information

| | |
|---|---|
| **Disposition Date:** | 03/26/2026 |
| **Disposition:** | REMOVED TO BANKRUPTCY COURT |
| **Disposition By:** | BY THE COURT |

## Party & Appearance Information

| Party | Party Details | No Fee Party | Category |
|---|---|---|---|
| P-01 | **PANTHERS CAPITAL LLC**<br>**Attorney:**  NEUBERT PEPE & MONTEITH PC (407996) File Date: 08/05/2025<br>195 CHURCH ST<br>13TH FLOOR<br>NEW HAVEN , CT 06510 | | Plaintiff |
| D-01 | **CIS INTERNATIONAL HOLDINGS (N.A.) CORP. D/B/A E TROPICAL FISH**<br>**Attorney:**  PETER A LUCCARELLI III (433492)     File Date: 09/17/2025<br>777 S. HARBOUR IS. BLVD.<br>SUITE 320<br>TAMPA , FL 33602 | | Defendant |
| D-02 | **CHARITHA I SAMARASINGHE**<br>**Attorney:**  PETER A LUCCARELLI III (433492)     File Date: 09/17/2025<br>777 S. HARBOUR IS. BLVD.<br>SUITE 320<br>TAMPA , FL 33602 | | Defendant |
| D-03 | **CIS INTERNATIONAL DISTRIBUTORS INC.**<br>**Attorney:**  PETER A LUCCARELLI III (433492)     File Date: 09/17/2025<br>777 S. HARBOUR IS. BLVD.<br>SUITE 320<br>TAMPA , FL 33602 | | Defendant |
| D-04 | **LIVE AQUARIA HOLDINGS CORP**<br>**Attorney:**  PETER A LUCCARELLI III (433492)     File Date: 09/17/2025<br>777 S. HARBOUR IS. BLVD.<br>SUITE 320<br>TAMPA , FL 33602 | | Defendant |
| D-05 | **LIONSROCK INVESTMENTS LLC**<br>**Attorney:**  PETER A LUCCARELLI III (433492)     File Date: 09/17/2025<br>777 S. HARBOUR IS. BLVD.<br>SUITE 320<br>TAMPA , FL 33602 | | Defendant |
| D-06 | **LIONSROCK WISCONSIN LLC**<br>**Attorney:**  PETER A LUCCARELLI III (433492)     File Date: 09/17/2025<br>777 S. HARBOUR IS. BLVD. | | Defendant |

SUITE 320
TAMPA , FL 33602

**D-07  T3 AQUATICS**                                                    Defendant
   **Attorney:**  PETER A LUCCARELLI III (433492)      File Date: 09/17/2025
   777 S. HARBOUR IS. BLVD.
   SUITE 320
   TAMPA , FL 33602

**D-08  SIAM TROPICAL FISH LTD**                                        Defendant
   **Attorney:**  PETER A LUCCARELLI III (433492)      File Date: 09/17/2025
   777 S. HARBOUR IS. BLVD.
   SUITE 320
   TAMPA , FL 33602

**D-09  TROPICAL AQUARIUM FISH (FIJI) LTD**                             Defendant
   **Attorney:**  PETER A LUCCARELLI III (433492)      File Date: 09/17/2025
   777 S. HARBOUR IS. BLVD.
   SUITE 320
   TAMPA , FL 33602

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an  in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*

- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

| Motions / Pleadings / Documents / Case Status | | | | |
|---|---|---|---|---|
| Entry No | File Date | Filed By | Description | Arguable |
| | 08/05/2025 | P | SUMMONS | |
| | 08/05/2025 | P | COMPLAINT | |
| | 08/05/2025 | P | ADDITIONAL PARTIES PAGE | |
| | 09/17/2025 | D | APPEARANCE Appearance | |
| 100.30 | 08/05/2025 | P | RETURN OF SERVICE | No |
| 101.00 | 08/27/2025 | P | AMENDED COMPLAINT | No |
| 102.00 | 08/27/2025 | P | AMENDED COMPLAINT AS SERVED | No |
| 103.00 | 08/27/2025 | P | RETURN OF SERVICE | No |
| 104.00 | 09/12/2025 | P | MOTION FOR DEFAULT -FAILURE TO APPEAR PB 17-20 RESULT: Denied 9/19/2025 BY THE CLERK | No |
| 104.01 | 09/19/2025 | C | ORDER RESULT: Denied 9/19/2025 BY THE CLERK | No |
| 105.00 | 09/30/2025 | P | NOTICE OF BANKRUPTCY | No |

| 106.00 | 10/03/2025 | P | DEMAND FOR DISCLOSURE OF DEFENSE PB 13-19 | No |
|---|---|---|---|---|
| 107.00 | 10/24/2025 | P | MOTION FOR DEFAULT FOR FAILURE TO DISCLOSE DEFENSE | No |
| 108.00 | 10/30/2025 | D | DISCLOSURE OF DEFENSE | No |
| 109.00 | 11/12/2025 | P | MOTION FOR DEFAULT-FAILURE TO PLEAD<br>*RESULT:* Denied 12/16/2025 BY THE CLERK | No |
| 109.01 | 12/16/2025 | C | ORDER<br>*RESULT:* Denied 12/16/2025 BY THE CLERK | No |
| 110.00 | 11/20/2025 | D | MOTION FOR EXTENSION OF TIME<br>to Respond to Motion for Default | No |
| 111.00 | 11/26/2025 | D | MOTION FOR EXTENSION OF TIME<br>Second Motion to Respond to Motion for Default and Amended Complaint | No |
| 112.00 | 12/11/2025 | D | ANSWER AND SPECIAL DEFENSE AND COUNTERCLAIM | No |
| 113.00 | 12/11/2025 | D | EXHIBITS<br>Exhibits to Answer and Special Defense and Counterclaim, Entry No. 112.00 | No |
| 114.00 | 12/31/2025 | P | MOTION TO DISMISS PB 10-30<br>Motion to Dismiss Counterclaim<br>*RESULT:* Take Papers 3/16/2026 HON JOHN KAVANEWSKY | Yes |
| 114.01 | 02/11/2026 | C | ORDER<br>*RESULT:* Order 2/11/2026 HON JOHN KAVANEWSKY | No |
| 114.02 | 03/16/2026 | C | ORDER<br>*RESULT:* Take Papers 3/16/2026 HON JOHN KAVANEWSKY | No |
| 115.00 | 12/31/2025 | P | MEMORANDUM IN SUPPORT OF MOTION<br>Memorandum of Law in Support of Motion to Dismiss Counterclaim | No |
| 116.00 | 01/08/2026 | P | NOTICE OF SERVICE OF REQUEST FOR ADMISSION PB 13-22 | No |
| 117.00 | 01/30/2026 | D | OBJECTION TO MOTION<br>To Dismiss Counterclaim | No |
| 118.00 | 02/05/2026 | P | REPLY<br>Reply to 117.00 Objection to Motion to Dismiss | No |
| 119.00 | 02/09/2026 | D | ANSWER AND/OR OBJECTIONS TO REQUEST FOR ADMISSIONS PB 13-23(a) | No |
| 120.00 | 03/09/2026 | P | NOTICE<br>Notice of Supplemental Authority re 114.00 and 115.00 | No |
| 121.00 | 03/26/2026 | D | NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT<br>Notice of Removal to U.S. Bankruptcy Court, Central District of California, 2:26-AP-01070-BR | No |
| 122.00 | 03/26/2026 | C | REMOVED TO BANKRUPTCY COURT<br>*RESULT:* BY THE COURT | No |

| Scheduled Court Dates as of 04/13/2026 | | | | |
|---|---|---|---|---|
| FST-CV25-6075223-S - PANTHERS CAPITAL LLC v. CIS INTERNATIONAL HOLDINGS (N.A.) CORP. D/B/A E TR Et Al | | | | |
| # | Date | Time | Event Description | Status |
| No Events Scheduled | | | | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed.  To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

The status of a Short Calendar matter is not displayed because it is determined by markings

made by the parties as required by the calendar notices and the civil⧉ standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars by going to the Civil/Family Case Look-Up⧉ page and Short Calendars By Juris Number⧉ or By Court Location⧉.

Periodic changes to terminology that do not affect the status of the case may be made.

This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information is displayed and is available for inquiry on this website for a period of time, one year to a maximum period of ten years, after the disposition date. To the extent that Connecticut Practice Book Sections 7-10 and 7-11 provide for a shorter period of time, this information will be displayed for the shorter period.

In accordance with the Federal Violence Against Women Act of 2005, cases involving relief from physical abuse (restraining orders), civil protection orders, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Pursuant to section 47a-26j of the Connecticut General Statutes, certain eviction cases will be removed from this website 30 days after disposition or other final activity of the case.

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2026, State of Connecticut Judicial Branch

Page Created on 4/14/2026 at 9:11:18 AM

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 15021 Ventura Blvd. #544, Sherman Oaks, CA  90034.

A true and correct copy of the foregoing document entitled

### Notice of Motion and Motion for Remand of All or a Portion of This Action; Declarations of Mike Herzo and Joseph R. Dunaj

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **April 17, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Caroline Djang    cdjang@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com**
- **David M Goodrich (TR)    dgoodrich@go2.law, c143@ecfcbis.com;dgoodrich11@ecf.axosfs.com;lrobles@go2.law**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**

**2.  SERVED BY UNITED STATES MAIL**: On **April 17, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 17, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 17, 2026 | Kurt Ramlo | /s/ Kurt Ramlo |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**